UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARIA GOMEZ, ET AL., | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-00348 |
| | § | |
| STEPHEN MASSEY, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION ON BILL OF COSTS

On February 26, 2020, I recommended that Defendant's Motion for Summary Judgment in this Section 1983 case be granted, and the case be dismissed. Plaintiffs did not file any objections to my Memorandum and Recommendation. As a result, United States District Judge Jeffrey V. Brown adopted my recommendation and issued a final judgment in favor of Defendant Stephen Massey.

On March 31, 2020, Defendant filed his proposed Bill of Costs, seeking a total of $1,496.00. *See* Dkt. 69. That requested amount includes $1,271.00 for costs of a written deposition transcript and $225.00 for costs of a video deposition. Plaintiffs have objected to Defendant's Bill of Costs.[1] *See* Dkt. 70.

---

[1] I carefully and thoroughly review every pleading that crosses my desk, and fully expect the parties to provide me with legal briefing tailored to the case at hand. In this case, Plaintiffs have not done that. Instead, they cut and paste into their objections briefing from other cases that has nothing to do with this case. *See* Dkt 70 at 2 (referring to a Frank exhibit and testimony concerning the financial condition of Brown, Ellis, Smith, and Holloway, when there are no such exhibits or witnesses in this case); *Id.* at 4 (citing to "Local Rule 54(b)" when the Southern District of Texas has no such local rule). Also, although we here in the Southern District of Texas are part of the Fifth Circuit Court of Appeals, it is disappointing that Plaintiffs cite not one Fifth Circuit case on bill of costs (of which there are many), relying instead on three cases from

## LEGAL STANDARD

As a general rule, there is a strong presumption that the prevailing party will be awarded costs. *See Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Indeed, the Fifth Circuit has said that "the prevailing party is prima facie entitled to costs." *Schwartz v. Follower*, 767 F.2d 125, 131 (5th Cir. 1985) (quotation marks and citation omitted). To that end, Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d). The list of recoverable costs authorized by statute include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C. § 1923];

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920.

The party who seeks to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred. *See Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991). A district court is given wide discretion to

---

the Seventh Circuit, two cases from the Eighth Circuit, and one case each from the Fourth Circuit and Ninth Circuit.

determine whether the prevailing party is entitled to an award of costs in a particular case. *See Migis v. Pearls Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998). That being said, the denial of costs to a prevailing party is in the nature of a penalty. *See Pacheco*, 448 F.3d at 793–94. As a result, a district court "may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so." *Id*. at 794 (quotation marks and citation omitted).

## ANALYSIS

### A. TIMELINESS

As an initial matter, Local Rule 54.2 provides that a party opposing a proposed bill of costs must file an objection "within 7 days of the bill's filing." Defendant filed his proposed Bill of Costs on March 31, 2020. Under Local Rule 54.2, Plaintiffs had until April 7, 2020 to timely object to the proposed Bill of Costs. Plaintiffs failed to file their objections until April 16, 2020—nine days past the deadline. Usually, I am a stickler for the rules, but given the COVID-19 pandemic that has created immense challenges for lawyers and their clients, I will give Plaintiffs the benefit of the doubt and consider the late-filed objections.

### B. WRITTEN DEPOSITION TRANSCRIPT

Defendant first requests $1,271.00 in costs for a single written deposition transcript—his own. As noted above, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable. 28 U.S.C. § 1920(2). A deposition is necessarily obtained for use in the case "[i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than

3

merely for discovery." *Fogleman*, 920 F.2d at 285. "[A] district court has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' or was obtained merely for the convenience of the attorney." *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363 (5th Cir. 1983) (quoting *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 336 (5th Cir. 1981)).

It is, without question, reasonable for a Defendant to want to review his own deposition transcript in preparation for trial. Without contesting the need for Defendant to review the deposition, Plaintiffs contend that there are three independent reasons why they should not be required to shoulder the cost of the written deposition transcript. First, Plaintiffs claim that Defendant could have avoided spending any money to acquire the deposition transcript by simply requesting that Plaintiffs provide him a copy at no cost. Second, Plaintiffs maintain that Defendant has failed to satisfy his burden to show that written deposition transcript costs were reasonable. Third, Plaintiffs argue that it would be unjust to force them to pay costs given their limited financial means. I will address each argument separately.

**Sharing Deposition Transcripts:** Plaintiffs take the position that the cost of the written deposition transcript is unnecessary and excessive because Defendant could have obtained the transcript for free by asking Plaintiffs for a copy. I completely disagree.

To begin, Plaintiffs are under no obligation to provide Defendant with a copy of a deposition transcript, even his own. *See Bos. v. Garcia*, No. 2:10-CV-1782 KJM DAD, 2013 WL 1165062, at *2 (E.D. Cal. Mar. 20, 2013) ("The court will not order defense counsel . . . to provide plaintiff with a copy of his deposition transcript. Plaintiff must

4

obtain it from the officer before whom the deposition was taken."). "There is no inherent injustice in [one party's] decision not to share deposition transcripts with [the other side]—to the contrary, it is the norm that both parties pay the costs associated with deposition transcripts they believe to be reasonably necessary to prove their case." *Young v. United Parcel Serv., Inc.*, No. DKC 08-2586, 2014 WL 858330, at *3 (D. Md. Mar. 4, 2014) (internal quotation marks and citation omitted). *See also Adams v. Dolgencorp, LLC*, No. 11-784-EJP-DLD, 2012 WL 1918625, at *2 (M.D. La. May 25, 2012) ("[T]he deposition transcript is the property of the court reporter, and without payment to the court reporter, the deposition transcript may not be produced by defendant absent a court order."); *Schroer v. United States*, 250 F.R.D. 531, 537 (D. Colo. 2008) ("The general rule, established expressly by the Federal Rules of Civil Procedure, is that a party must obtain copies of deposition transcripts directly from the court reporter upon the payment of a reasonable charge, and not from opposing counsel or the court."). The reasoning behind this rule is sound. Court reporters provide an invaluable service and are rightly entitled to fees for recording and transcribing depositions. I am not going to limit an award of costs by requiring a party to obtain a deposition transcript from the other side, rather than the court reporter who recorded it. Doing so would set a dangerous precedent and threaten the livelihood of court reporters everywhere. Accordingly, I find it reasonable for a party to recover the basic costs of ordering his or her own deposition transcript.

**Reasonableness of Expenses:** Next, Plaintiffs contend that Defendant has failed to establish the reasonableness of the $1,271.00 he seeks to recover as costs for the

written deposition transcript. In making this argument, Plaintiffs claim that Defendant has failed to "provide any evidence to establish the number of pages of the transcript and thus whether that cost is reasonable." Dkt. 70 at 3. Defendant has provided an invoice from the court reporting company indicating a $1,271.00 charge, but the invoice provides no information as to a per page fee or any explanation on how the total bill was derived. "[T]he fact that a prevailing party does not submit an itemized invoice does not preclude an award of costs when counsel declares under penalty of perjury that the costs are correct and necessarily incurred." *Frischertz v. SmithKline Beechan Corp.*, No. 10-2125, 2013 WL 3894021, at *4 (E.D. La. July 26, 2013). In this case, Defendant's counsel has presented an affidavit, attesting that the costs sought "have been necessarily incurred in this case." Dkt. 69-1 at 1. This satisfies Defendant's burden to demonstrate the necessity and reasonableness of the requested written deposition transcript costs.

**Ability to Pay:** A losing party's inability to pay is an appropriate factor to consider when determining whether to assess taxable costs. *See Pacheco*, 448 F.3d at 794 (A losing party may avoid paying costs if it brought the lawsuit in good faith and can demonstrate its "limited financial resources."); *De Valentino v. Hous. Indep. Sch. Dist.*, No. H-18-0393, 2020 WL 411065, at *1 n.1 (S.D. Tex. Jan. 24, 2020) ("Inability to pay may be considered in some instances, such as where the plaintiff is of such modest means that it would be an injustice or inequitable to award costs.") (internal quotation marks and citation omitted).

Although they did not seek *in forma pauperis* status in this case and paid the filing fee in full, Plaintiffs maintain that the Bill of Costs should be denied in its entirety

because they "have very limited income to pay cost[s] and have modest means to do so." Dkt. 70 at 3. But Plaintiffs fail to submit any evidence whatsoever establishing an inability to pay. There is no affidavit describing Plaintiffs' financial resources, nor any documentation detailing Plaintiffs' income, assets, liabilities, or expenses. The burden is on the losing party to provide sufficient documentation to establish that it is incapable of paying the court-imposed costs. *See Gaines v. Techline, Inc.*, No. 1:13-CV-00576, 2017 WL 5505989, at *3 (W.D. La. Nov. 16, 2017). Without evidence of an inability to pay due to limited financial resources, Plaintiffs' mere assertion in its briefing of "limited income" and "modest means" does not overcome the strong presumption in favor of taxing costs. *See id.* (finding that although the plaintiff's case was prosecuted in good faith and he claimed indigence, he was required to pay costs because he failed to present evidence showing he was unable to pay costs due to indigence); *Williams v. J.B. Hunt Transp., Inc.*, No. 4:13-CV-02510, 2016 WL 4445442, at *4 (S.D. Tex. Aug. 24, 2016) (Plaintiff's statement that he had "limited resources," without evidence, was "insufficient to support his claim of indigency."). Therefore, I overrule Plaintiffs' objection that it is inappropriate to assess costs against them because of their inability to pay.

### C. VIDEO DEPOSITION

Defendant also requests $225.00 for the cost of obtaining his own video deposition. The Fifth Circuit recognizes "the cost of taking video depositions may be awarded if shown to be necessary for use in the case." *United States ex rel. Long v. GSDMIdea City, LLC*, 807 F.3d 125, 130 (5th Cir. 2015). Just as was the case with written deposition transcripts, "costs for video depositions are reasonably necessary and

7

may be included in taxable costs if the video depositions are used during trial or for trial preparation." *Kirk v. Invesco, Ltd.*, No. H-15-833, 2017 WL 1078763, at *3 (S.D. Tex. Mar. 22, 2017). *See also Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999) ("[I]t is not required that a deposition actually be introduced in evidence for it to be necessary for a case—as long as there is a reasonable expectation that the deposition may be used for trial preparation."). In order for a party to recover the costs for both a written deposition transcript and a video recording, the prevailing party must show that both the written transcript and video were necessary for use in the case. *See HEI Res. E. OMG Joint Venture v. S. Lavon Evans, Jr. Operating Co.*, No. 5:07-CV-62, 2010 WL 536997, at *5 (S.D. Tex. Feb. 10, 2010) ("The undersigned will not allow Plaintiff to recover nearly double the costs for a deposition transcript merely for the convenience of having the deposition record in both written and electronic format.").

In this case, Defendant does not offer any insight into why he needed to order a written deposition transcript and, at the same time, obtain a videotaped copy of his own deposition. At trial, Defendant could testify live, making the acquisition of a video deposition completely unnecessary. *See Structural Metals, Inc. v. S & C Elec. Co.*, No. SA–09–CV–984–XR, 2013 WL 3790450, at *4 (W.D. Tex. July 19, 2013) ("[T]he Court generally holds that copies of video depositions of a party's own witnesses who can be expected to appear live at trial are not necessarily obtained for use in the case."). Although I fully understand a party's desire to review his deposition to prepare for trial, Defendant could have relied entirely on the written deposition transcript without the need to watch himself on video. Because I do not believe Defendant has come close to

8

meeting his burden to show that he needed both the written deposition transcript and the video recording to adequately prepare for trial, I decline to award the $225.00 video expense in the Bill of Costs. *See Davico v. Glaxosmithkline Pharmaceuticals*, No. 05–6052–TC, 2008 WL 624049, at *2 (D. Ore. Jan. 23, 2008) ("In short, if a party wishes to videotape a deposition that is not a perpetuation deposition, it may certainly do so at its own expense, but this court is not going to pass on what it views to be an unnecessary expense to the other party by awarding such in a bill of costs.").

## CONCLUSION

Having considered Defendant's Bill of Costs and Plaintiffs' Objections, I recommend that Plaintiffs' Objections (Dkt. 70) be overruled in part and sustained in part as follows:

(1) The objection to the written deposition transcripts costs, totaling $1,271.00, is overruled.

(2) The objection to video deposition costs, totaling $225.00, is sustained.

In sum, I recommend that the clerk tax $1,271.00 in costs against Plaintiffs for the written deposition transcripts.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED in Houston, Texas, this 21st day of April, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE